H. B. CLAFLIN ET AL. Appellants, *v.* S. LANDECKER, Garnishee, Respondent.

May 5, 1885.

ATTACHMENT—GARNISHMENT—BAILMENTS—SALES.—The fraudulent vendee of the defendant in attachment can not be held in garnishment where the goods have been seized prior to the garnishment

under an attachment by the same plaintiff in the hands of the defendant's bailee who has advanced to him money thereon.

Appeal from the St. Louis Circuit Court, Adams, J. Affirmed.

John D. Johnson, Charles B. Stark, and A. Moore Berry, for the appellants.

Charles Nagel and C. H. Krum, for the respondent.

Rombauer, J., delivered the opinion of the court.

Levy, a merchant tailor, being in embarrassed circumstances, did, on the 12th day of July, 1883, sell and deliver goods of the value of six thousand dollars, and more, being his entire stock in trade, to Landecker, the garnishee, for a consideration of $2,500.00.

The garnishee, immediately after the delivery of the goods to him, delivered them to Lewis & Co., auctioneers, to be sold on his, garnishee's, account, and received from the auctioneers an advance of $2,500.00 on account of the goods. Plaintiffs, creditors of Levy, attached the goods in the hands of the auctioneers as Levy's property on the 12th of July, 1883, and also on the same day, garnished the auctioneers as Levy's debtors. On the next subsequent day, plaintiffs, on the same writ of attachment, garnished Landecker, the defendant in this proceeding.

The auctioneers retook the goods seized from the sheriff by writ of replevin, claiming special property in them to the extent of their advance, and the replevin suit was pending and undetermined when this action was tried. The fraud in the sale from Levy to Landecker is conceded.

At the time Landecker was garnished, he had paid nothing to Levy, although Levy held his check for $1,500 which he subsequently surrendered, but since the date of the garnishment Landecker paid to Levy, $2,200.

Upon the trial of this cause, it being admitted by plaintiffs that the goods sold by Levy to Landecker were the identical goods which were subsequently attached at the instance of plaintiffs in the hands of the auctioneer, the

court nonsuited the plaintiffs. From this judgment, plaintiffs prosecute this appeal.

It will be thus seen that the only question presented for our consideration is this. Can a vendee be held as garnishee in a case where it is shown, that the goods conveyed to him have been seized in specie by the plaintiff under a writ of attachment against his vendor either in his, the garnishee's, hands, or in the hands of parties holding under him? If he cannot be held under such circumstances, then the judgment of the trial court was correct; otherwise it must be reversed. That where goods thus sold have been seized in specie, either on mesne or final process against the vendor, in the hands of the garnishee himself, the seizure will operate as a release of the garnishee *pro tanto*, has been repeatedly decided. This was held to be the effect of the seizure, by C. J. Redfield in *Goddard* v. *Hapgood* (25 Vt. 361), even though the process was irregular; and the ruling was approved in the later cases of *State* v. *Johnson* (33 N. H. 363) and *Clapp* v. *Roger* (38 N. H. 435). We would be inclined so to hold, even were the case one of first impression. The only difference between the cases above cited and the one now before us, is that there the goods were seized in the hands of the trustee or garnishee, while here they are in the hands of the garnishee's bailees, who had advanced on account thereof to the garnishee $2,500.00.

We fail to see how this difference can affect the result.

The seizure in the hands of the bailees by plaintiffs' writ of attachment can be justified by plaintiffs only on the theory that owing to the taint of fraud affecting the successive transactions, the bailees, as against credititors of Levy, acquired no lien for their advances. The seizure of the goods in specie in their hands under plaintiff's writ of attachment, either validly clasped all the goods, or else nothing. On no possible theory can it be maintained, as plaintiffs now seem to contend, that it was effectual to seize goods over and above the value of $2,500, which sum had been advanced on account of the goods by the bailees.

That result could be accomplished only by a garnishment of the bailees. Plaintiffs' remedy would have been complete if they had simply garnished the bailees, and had stopped there. If, instead of going into the trial of the present proceeding, they had requested the trial court to continue it, until the validity of their seizure of the goods in specie in the hands of the bailees was finally determined, the trial court in the exercise of a just discretion might have so ordered. Instead of doing this, they chose to pursue a different course, and we are aware of no rule of law, that would justify this court, under such circumstances, to protect them from the necessary results of their own conduct. Nor are we aware of any rule of practice by which the validity of a seizure of the goods in the hands of the bailees, can be determined in this proceeding, a proceeding to which such bailees are in no sense parties.

It is our duty to determine whether the trial court committed error in the trial of this cause, a cause which the plaintiffs themselves have insisted, prematurely as they now claim, to try before it. Finding no such error, it is our duty to affirm the judgment. Judgment affirmed. All the judges concur.